**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

EDWIN LOCKARD,

    Plaintiff,

v.

BRIAN LOCKE TRUCKING, INC., a Wyoming corporation; and
KENNETH KREUSEL.

    Defendant.

---

**NOTICE OF REMOVAL**

---

Defendants, Brian Locke Trucking, Inc. and Kenneth Kreusel, by and through their undersigned counsel, Paul T. Yarbrough and Brian D. Kennedy of the law firm of Hall & Evans, LLC, hereby submit the following Notice of Removal of the above-captioned action from Larimer County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

    **I.**    **INTRODUCTION**

1. Plaintiff Edwin Lockard ("Plaintiff") initiated this lawsuit on October 19, 2022 against Brian Locke Trucking, Inc. and Kenneth Kreusel ("Defendants"), in Larimer County District Court, State of Colorado, captioned *Edwin Lockard v. Brian Locke Trucking, Inc. and Kenneth Kreusel*, Civil Action No. 2022CV30693, and it is now pending in that Court (the "State Action"). *See* **Exhibit A,** Plaintiff's Civil Cover Sheet; **Exhibit B**, Plaintiff's Complaint and **Exhibit L**, Plaintiff's Amended Complaint.

2. Plaintiff alleges that, on September 30, 2018, he was driving a 2013 Dodge Ram 3500 pickup, heading southbound on I-25 in the left lane, near mile marker 263 in Colorado. **Exhibit L**, ¶¶ 8, 10.  At the same time and general location, Kenneth Kreusel, an employee of Brian Locke Trucking, Inc., was operating a 2007 Kenworth tractor, pulling a dump bed trailer, heading southbound on I-25 in the right lane.  **Exhibit L**, ¶¶ 7-8, 10-12.  Plaintiff alleges that Defendant Kreusel changed lanes from the right to the left lane, without adequately ascertaining that the left lane was clear, colliding with Plaintiff's pickup.  **Exhibit L**, ¶¶ 14-16.  Plaintiff further alleges that he sustained injuries and damages as a result of the collision.  **Exhibit L**, ¶¶ 24-27. Plaintiff alleges that Defendant Kreusel was negligent and negligent *per se* and seeks recovery from Defendant Kreusel based upon those allegations.  **Exhibit L**, ¶¶ 20, 22-23, 29-40.  Plaintiff further alleges that Defendant Kreusel was an employee of Defendant Brian Locke Trucking, Inc. at the time of the collision and that he was within the course and scope of his employment.  **Exhibit L**, ¶¶ 7, 21-22.  On that basis, Plaintiff seeks to recover from Defendant Brian Locke Trucking, Inc. under the doctrine of *respondeat superior*.  **Exhibit L**, ¶¶ 41-63

3. Defendants, though counsel, accepted a copy of the Complaint and waived service on November 22, 2022.  *See* **Exhibit G**, Waiver and Acceptance of Service of Complaint on Brian Locke Trucking, and **Exhibit H**, Waiver and Acceptance of Service of Complaint on Kenneth Kreusel.

## II.   COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Defendants accepted and waived service of the Complaint on November 22, 2022. *See* **Exhibit G** and **Exhibit H**.

6. This Notice of Removal is filed within thirty (30) days of service of the Plaintiffs' Complaint and Summons on Defendant and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Civil Case Cover Sheet |
| **Exhibit B** | Complaint and Jury Demand |
| **Exhibit C** | Summons to Defendant Brian Locke Trucking, Inc. |
| **Exhibit D** | Summons to Defendant Kenneth Kreusel |
| **Exhibit E** | Notice of Judicial Civil Case Management |
| **Exhibit F** | Delay Prevention Order |
| **Exhibit G** | Waiver and Acceptance of Service -Brian Locke Trucking |
| **Exhibit H** | Waiver and Acceptance of Service -Kenneth Kreusel |
| **Exhibit I** | Motion for Extension of Time to File Answer or Other Response |
| **Exhibit J** | Proposed Order Re: Motion for Extension of Time |
| **Exhibit K** | Order Granting Motion for Extension of Time |
| **Exhibit L** | Amended Complaint and Jury Demand |

9. Pursuant to D.C.Colo.LCivR 81.1, Defendants state that no hearings or motions are pending, nor has any trial been set in the State Action.

10. Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves its rights to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

11. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.   DIVERSITY JURISDICTION

12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A.   THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

13. There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of the state of Arizona. *See* **Exhibit L**, ¶ 1. Upon information and belief, based upon statements by Plaintiff's counsel and documents provided by Plaintiff's counsel, Plaintiff owns a residence in Arizona. He spends most of his time there. He is a member of a church in Arizona. Plaintiff has a vehicle registered in Arizona. He receives medical treatment in that state, performs banking there and receives bills there. Plaintiff's family also resides in Arizona. *See e.g.* **Exhibit M**, bills received by Plaintiff at his Arizona address; *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. §

4

1332(a)(1), state citizenship is the equivalent of domicile"). "[W] when… determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances." *Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014). Factors include the party's current residence; situs of personal and real property; location of brokerage and bank accounts; membership of churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity. *Id.*, citing 13E Charles Alan Wright et al., *Federal Practice and Procedure* § 3612, at 536-41 (3d ed. 2009)

14. Defendant Brian Locke Trucking, Inc. is corporation organized under the laws of the State of Wyoming, with its principal offices located in Rawlins, Wyoming. **Exhibit L**, ¶ 3. *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

15. Defendant Kenneth Kreusel is a resident and citizen of the State of Wyoming, who resides at 414 Prospect Avenue, Riverside, WY 82325. *See* **Exhibit L**, ¶ 2.

16. For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17. While not waiving Defendants' right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs. In his Amended Complaint, Plaintiff alleges that he suffered injuries and damages as a result of Defendant's negligence, with resulting medical treatment, medical expenses, future medical costs, permanent physical

impairment and noneconomic damages.  See generally **Exhibit L**.[1]  Plaintiff specifically alleges that he has incurred medical expenses in excess of $329,000.  **Exhibit L**, ¶ 27.

18. Furthermore, in the Civil Cover Sheet for the Complaint filed in Larimer County District Court, Plaintiffs state that they seek a monetary judgment over $100,000.  **Exhibit A**.

19. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

20. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).  "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."  *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

21. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 554.  A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable."  28

---

[1] Defendant denies Plaintiffs' allegations regarding their alleged damages and injuries and further denies any allegations of wrongdoing.

U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

22. Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of his Civil Case Cover Sheet. *See* **Exhibit A**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

23. In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that she seeks "a monetary judgment over $100,000 . . . against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought." **Exhibit A**.

24. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

25. Plaintiff also specifically claims to be seeking over $329,000 in medical expenses. **Exhibit L**, ¶ 27.

26. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

27. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendants, Brian Locke Trucking, Inc. and Kenneth Kreusel, respectfully request that the action now pending in Larimer County District Court, Case No. 2022CV30693, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 19th day of December, 2022.

HALL & EVANS, LLC

*s/ Brian D. Kennedy*
Paul T. Yarbrough
Brian D. Kennedy
1001 17th Street, Suite 300
Denver, CO  80202
Phone:  (303) 628-3300
Fax:  (303) 628-3368
yarbroughp@hallevans.com
kennedyb@hallevans.com
*Counsel for Defendants Brian Locke*
*Trucking, Inc. and Kenneth Kreusel*

CERTIFICATE OF SERVICE

      I hereby certify that on the 19th day of December, 2022, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court and served on the below-listed parties via email and U.S. Mail:

Ethan A. McQuinn
Michael P. Kane
THE DAN CAPLIS LAW FIRM, LLC
Plaza Tower One Penthouse
6400 S. Fiddlers Green Circle, Suite 2200
Greenwood Village, CO 80111
Telephone: 303-770-5551
Fax: 303-770-5552
ethan@caplislaw.com
mpk@caplislaw.com
*Counsel for Plaintiff*


      *s/ Elizabeth Miller*
      Legal Assistant, Hall & Evans, LLC