| | |
|---|---|
| **DISTRICT COURT, COUNTY OF LARIMER, STATE OF COLORADO**<br>Larimer County Justice Center<br>201 La Port Avenue<br>Fort Collins, CO 80521 | DATE FILED: October 19, 2022 8:39 AM<br>FILING ID: 16FD917B7BA28<br>CASE NUMBER: 2022CV30693 |
| **Plaintiff: EDWIN LOCKARD**<br><br>v.<br><br>**Defendants: BRIAN LOCKE TRUCKING, INC. and KENNETH KREUSEL** | ▲**COURT USE ONLY**▲ |
| *Attorneys for Plaintiff:*<br>Ethan A. McQuinn, #36618<br>Michael P. Kane, #34878<br>**THE DAN CAPLIS LAW FIRM, LLC**<br>Plaza Tower One Penthouse<br>6400 S. Fiddlers Green Circle, Suite 2200<br>Greenwood Village, CO 80111<br>Telephone: 303-770-5551<br>Fax: 303-770-5552<br>ethan@caplislaw.com<br>mpk@caplislaw.com | **Case Number:**<br><br>**Courtroom:**<br><br>**Division:** |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Edwin Lockard, by and through counsel, THE DAN CAPLIS LAW FIRM, LLC, hereby files this Complaint and Jury Demand, and states as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff Edwin Lockard ("Plaintiff") is now, and has been at all times relevant hereto, a resident of the state of Wyoming.

2. Defendant Kenneth Kreusel ("Defendant Kreusel") is a resident of the State of Wyoming, residing at 414 Prospect Avenue, Riverside, WY 82325.

3. Defendant Brian Locke Trucking, Inc. ("Defendant Locke") is a foreign corporation organized under the laws of Wyoming with a principle place of business at 1423 McMicken Street, Rawlins, WY 82301.

4. Venue is proper under C.R.C.P. 98.

5. This court has subject matter jurisdiction over this action under Colorado law.

6. Jurisdiction and venue are proper in the District Court of Larimer County in the State of Colorado because the collision occurred in Larimer County.

## FACTS & ALLEGATIONS

7. On September 30, 2020, Defendant Kenneth Kreusel was an employee of Defendant Brian Locke Trucking, Inc.

8. On September 30, 2018, at about 1:13 p.m., Defendant Kreusel was operating a 2007 Kenworth W900 truck.

9. A Kenworth W900 is a Class 8 conventional-cab truck primarily for highway use with a gross vehicle weight rating that exceeds 26,001 lbs.

10. On September 30, 2018, at about 1:13 p.m., Defendant Kreusel was towing a dump bed trailer with the 2007 Kenworth W900 and was traveling south on Interstate 25 in the vicinity of mile marker 263 in Colorado.

11. Defendant Kreusel was operating the 2007 Kenworth W900 in the southbound number two or right lane of Interstate 25.

12. At the same time and place, Plaintiff was operating a 2013 Dodge Ram 3500 pickup truck in the number one lane or left lane, adjacent to the 2007 Kenworth W900.

13. In the area of mile marker 263, southbound Interstate 25 is comprised of two lanes marked for vehicular travel.

14. At the time of the collision, Defendant Kreusel failed to adequately ascertain that the number one lane (left lane of travel) was occupied and therefore unsafe to move into.

15. At the time of the collision, Defendant Kreusel failed to ascertain that Plaintiff's vehicle occupied the space on the interstate into which he intended to move his truck.

16. At the time of the collision, Defendant Kreusel moved into the number one lane (left lane) and collided into the right side of Plaintiff's vehicle.

17. The impact then forced Plaintiff's vehicle to leave its lane of travel, travel off the roadway, and collide with the concrete barrier.

18. Following the collision with the concrete barrier, Plaintiff's vehicle skidded approximately 370 feet before bouncing down the dirt median separating the interstate from the west frontage road, and then coming to a rest on the west side of the highway.

19. Colorado State Patrol investigated the collision.

20. Colorado State Patrol determined that Defendant Kreusel drove carelessly in violation of C.R.S. § 42-4-1402(2)(a).

21. At the time of the crash, Defendant Kreusel was acting within the course and scope of his employment with Defendant Locke and was acting pursuant to the authorization of his employer Defendant Locke as to the manner of his actions while operating the vehicle.

22. At and around the time of the collision, Defendant Kreusel was engaged in activities in furtherance of Defendant Locke's business.

23. Defendant Kreusel operated the vehicle he was driving in a negligent manner that directly caused the collision.

24. As a result, Plaintiff suffered injuries, damages, and losses. More specifically, Plaintiff suffered economic, non-economic, physical impairment, mental pain and suffering, and loss of enjoyment of life.

25. As a result of the collision, Plaintiff suffered serious physical injuries including, but not limited to: traumatic brain injury with loss of consciousness; sprain of ligaments of the cervical spine, thoracic spine, and lumbar spine; segmental and somatic dysfunction of the cervical region, thoracic region, lumbar region, and sacral region; muscle spasms of back; mild disc height loss in the lower thoracic spine; moderate disc height loss and vacuum phenomenon at L5-S1; severe foraminal narrowing at C-5-C6 on the left; bony bridging across the left sacroiliac joint; disc bulge at L4-L5; disc herniation and annular tear at L5-S1; bilateral foraminal stenosis; facet joint arthropathy; internal disc disruption; occipital neuralgia; carpal tunnel syndrome; and PTSD.

26. As a result of the collision, Plaintiff has undergone extensive medical care.

27. As a result of the collision, Plaintiff has incurred medical expenses in excess of $329,000.

28. Plaintiff seeks a judgment for all damages allowed by law to include costs, fees, and any further relief this Court deems just.

## FIRST CLAIM FOR RELIEF
Plaintiff against Defendant Kenneth Kreusel for Negligence

29. Plaintiff incorporates all other paragraphs as though fully set forth herein.

30. Defendant Kreusel owed Plaintiff a duty of care to operate his vehicle in a reasonable manner.

31. Defendant Kreusel breached that duty by operating his vehicle in a careless manner, making an unsafe lane change, and crashing into Plaintiff's vehicle.

32. Plaintiff was not comparatively negligent at the time of the collision.

33. As a direct and proximate result of the breach of the duty of care by Defendant Kreusel, Plaintiff suffered injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF
Plaintiff against Defendant Kenneth Kreusel for Negligence *Per Se*

34. Plaintiff incorporates all other paragraphs as though fully set forth herein.

35. On September 30, 2020, there existed laws, statutes, ordinances and regulations for the safety and protection of motorists in Larimer County and the State of Colorado.

36. Plaintiff is a member of the class that the statutes, ordinances and regulations are intended to protect.

37. Plaintiff suffered harms that the laws, statutes, ordinances and regulations are intended to prevent.

38. At the time of the collision, Defendant Kreusel violated traffic codes by driving carelessly in violation of C.R.S. § 42-4-1402(2)(a).

39. Defendant Kreusel's violation of the traffic code constitutes negligence *per se*.

40. As a direct and proximate result of Defendant Kreusel's negligence *per se*, Plaintiff suffered injuries, damages, and losses.

## THIRD CLAIM FOR RELIEF
Plaintiff against Defendant Brian Locke Trucking, Inc. for Negligence – Vicarious Liability

41. Plaintiff incorporates all other paragraphs as if fully set forth herein.

42. At the time of the collision, Defendant Locke employed Defendant Kreusel.

43. At the time of the collision, Defendant Kreusel acted within the course and scope of his employment with Defendant Locke.

44. At the time of the collision, Defendant Kreusel was engaged in activities in furtherance of Defendant Locke's business.

45. At the time of the collision, Defendant Locke was and is legally responsible for the acts and omissions of Defendant Kreusel while he was operating the 2007 Kenworth.

46. At the time of the collision, Defendant Kreusel owed a duty of care to operate the 2007 Kenworth in a safe, reasonable, and prudent manner.

47. At the time of the collision, Defendant Kreusel breached his duty of care by, *inter alia*:
    a. Failing to ascertain that another vehicle occupied a lane of travel;
    b. Failing to carefully and safely use mirrors and other devices to ascertain whether he could safely maneuver into a lane to travel;
    c. Failing to drive with due regard for traffic;
    d. Failing to reasonably operate a commercial truck; and
    e. Failing to follow proper procedures for changing lanes.

48. As a result of the breaches of the standard of care, articulated above, Plaintiff suffered injuries, damages, and losses in an amount to be proven at trial.

49. As a result of the breaches of the standard of care, articulated above, Plaintiff suffered economic, non-economic, physical impairment, mental pain and suffering, and loss of enjoyment of life in an amount to be proved at trial.

50. Plaintiff seeks a judgment for all damages allowed by law to include costs, fees, and any further relief this Court deems just.

51. Defendant Kreusel acted negligently on September 30, 2020.

52. Defendant Locke is legally responsible for Defendant Kreusel's acts and omissions.

53. Plaintiff did not act comparatively negligently.

## FOURTH CLAIM FOR RELIEF
Plaintiff against Defendant Brian Locke Trucking, Inc. for Negligence *Per Se* – Vicarious Liability

54. Plaintiff incorporates all other paragraphs as if fully set forth herein.

55. At the time of the collision, the State of Colorado had statutes, ordinances, and codes to regulate traffic and protect motorists.

56. At the time of the collision, Defendant Locke's employee, Defendant Kreusel, violated traffic codes by driving carelessly in violation of C.R.S. § 42-4-1402(2)(a).

57. Plaintiff is a member of the class that the statutes, ordinances, and codes were designed to protect.

58. On September 30 2020, Defendant Kreusel violated these statutes, ordinances, and codes designed to protect people such as the Plaintiff.

59. *Inter alia*, Defendant Kreusel drove the 2007 Kenworth in a careless manner in violation of Colorado law.

60. *Inter alia*, Defendant Kreusel drove the 2007 Kenworth in a such a way that constituted an unsafe lane change.

61. Defendant Kreusel's violation of the statutes, ordinances, and codes constitutes negligence *per se*.

62. As a direct and proximate cause of Defendant Kreusel's violation of the statutes, ordinances, and codes constitutes negligence, Plaintiff suffered injuries, damages, and losses in an amount to be proven at trial.

63. Defendant Locke is legally responsible for Defendant Kreusel's acts and omissions.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant for past and future economic losses, non-economic losses, physical disfigurement, physical impairment, pain, suffering, emotional distress, inconvenience, loss of enjoyment of lifestyle, medical expenses, grief, loss of companionship, impairment of quality of life, funeral and burial expenses, pecuniary loss, pre- and post- judgment interest, costs, attorney's fees and further relief as the Court deems just and proper.

**PLAINTIFFS REQUEST A JURY OF SIX TO HEAR ALL ISSUES IN THIS CASE**

Respectfully submitted the 19th day of October, 2022.

THE DAN CAPLIS LAW FIRM, LLC

*/s/  Ethan A. McQuinn*
Ethan A. McQuinn, #36618
Michael P. Kane, #34878
*Attorneys for Plaintiff*
This document was filed electronically pursuant to Rule 121 § 1-26(7).
The original signed document is on file in counsel's office.

Plaintiff's Address:
c/o THE DAN CAPLIS LAW FIRM, LLC
Plaza Tower One Penthouse
6400 S. Fiddlers Green Circle, Suite 2200
Greenwood Village, CO 80111